**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

**ALONZO WILLIAMS**
**521 59th St NE Apt 3,**
**Washington DC 20019**

**Plaintiff,**

**v.**

**Case No: 1:17-cv-00935**

**DENISE M. CALHOUN Badge No. S0712,**
**Sixth District Station**
**5002 Hayes Street, NE**
**Washington, DC 20019**

**ELDRICK D. CREAMER, Badge No. 2321**
**Sixth District Station**
**5002 Hayes Street, NE**
**Washington, DC 20019**

**VINCENT R. MANNING Badge No.D21684**
**Sixth District Station**
**5002 Hayes Street, NE**
**Washington, DC 20019**

**HARRY M. SINGLETON, Badge No.4499**
**Sixth District Station**
**5002 Hayes Street, NE**
**Washington, DC 20019**

**LESTER W. TAYLOR Badge No. 2058**
**Sixth District Station**
**5002 Hayes Street, NE**
**Washington, DC 20019**

**Defendants.**

## COMPLAINT

**COMES NOW** Plaintiff Alonzo Williams by and through her undersigned attorneys , and for his complaint avers and alleges as follows:

## PRELIMINARY STATEMENT

Alonzo Williams brings this action against his District of Columbia Metropolitan Police Officers Denise M. Calhoun Badge No.S0712, Eldrick D. Creamer Badge N. 2321, Vincent R. Manning Badge No.D21684, Harry M. Singleton Badge No.4499, Lester W. Taylor Badge No.2058 for their willful, wanton and malicious violation of his Constitutional fourth amendment rights which caused him to sustain injury and serious damages.

## JURISDICTION

1. Personal jurisdiction exists over Defendants as they are doing business and have the necessary minimum contacts within the District of Columbia.
2. Federal Question jurisdiction exists because Plaintiff herein alleges violation of his fourth amendment rights under the United States Constitution. Amend. IV.
3. Plaintiff has complied with all prerequisites to filing this consolidated action by exhausting all administrative remedies.
4. On July 31, 2013 a notice was sent by Plaintiff Alonzo Williams to the D.C Office of Risk Management Claims Department pursuant to D.C. Code § 12-309.The letter put them on notice of claims for unliquidated damages against the District of Columbia and/or its agents.

## VENUE

5. Venue is proper in the District Court for the District of Columbia pursuant to 28 U.S.C. § 1391(b)(1) and (2) because Defendants are residents of this judicial district and because the offending violations were committed in this judicial district.

## PARTIES

6. Plaintiff Alonzo Williams is a resident of the District of Columbia.
7. Defendants Denise M. Calhoun, Eldrick D. Creamer, Vincent R. Manning, Harry M. Singleton, Lester W. Taylor are District of Columbia Metropolitan Police Officers who at all times pertinent to this action were attached to the Sixth District Station located at 5002 Hayes Street, NE, Washington, DC 20019

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

1. On April 10, 2013 at approximately 9:30am, Plaintiff Alonzo Williams was visiting his godmother Gwen Delaney, at her apartment on Foote Street, South East, Washington DC.
2. Metropolitan Police from the Sixth District Station came to the apartment and started knocking on the door and apartment's windows telling the residents to open up and tell them where the drugs were hidden. Ms. Delaney's daughter Jermany Evans opened the door terrified about what was happening. Neither Ms. Delaney nor her daughter consented to the Police officers entering the unit.
3. The Police officers did not have a search warrant nor present any search warrant to the occupants. Plaintiff was inside the unit of his godmother's apartment.

4. Plaintiff Williams was immediately detained by Police Officers Denise Calhoun Badge No. S0712, Vincent R. Manning Badge No.D21684, and Lester Taylor Badge No. 2058.
5. Officer Manning then placed Mr. Williams in handcuffs and removed him from the apartment placing him out into the hallway of the apartment building.
6. Officer Calhoun and Officer Manning then unlawfully entered into Ms. Delaney's apartment without her consent while Officer Taylor remained outside in the hallway watching over the handcuffed Plaintiff and his god brother.
7. Once inside the apartment Officer Calhoun repeatedly asked the occupants of the apartment to identify the location of suspected illegal drugs.
8. The occupants stated they did not have any drugs, Officer Calhoun and Officer Manning began to search the apartment without a warrant or consent of Williams' godmother.
9. Shortly there after, Officer Eldrick D. Creamer Badge No. 2321 and Officer Harry M. Singleton Badge No.4499 arrived at the scene and began assisting Officer Calhoun and Officer Manning in their search of the apartment.
10. Officer Creamer joined Officer Taylor in the hallway and began conducting a frisk or pat down of Plaintiff Alonzo Williams. They did not find any weapons or illegal drugs.
11. During the continued search of the apartment Officer Calhoun discovered two infants inside the apartment, whereupon she threatened to call Child Protection Services (CPS) unless the occupants turned over any illegal drugs in their possession. Officer Calhoun placed all the females in the house into a back

bedroom including, Gwen Delaney [the godmother], Ms. Evans [goddaughter], India Seaton [Williams' child's mother] and the two children in the back bedroom.

12. The drug search was ending with nothing. Plaintiff Williams saw Officer Calhoun whispering to the other officers on the scene. Officer Creamer grabbed Plaintiff by the neck and pushed him into the laundry room and asked the other officers to take the cuffs off Plaintiff. He yelled and screamed in Plaintiff's face while his saliva fell on Plaintiff's face.

13. The officers then unbuckled Williams' belt and pulled down his pants. One of the Officers ran his hands inside Mr. Williams' underwear, at one point striking Mr. Williams in the testicles deliberately with so much force.

14. The officers then pulled up Mr. Williams' pants, buckled his belt and told Officer Calhoun who returned to the room that their search found nothing.

15. Officer Calhoun then stood close to Mr. Williams' face and threatened that if he [Williams] kept coming around the neighborhood, she would draw her gun and kill him.

8. At the conclusion of the search, Officer Calhoun told Plaintiff Williams' that there was a "stay away order," against him for that purpose. The handcuffs were removed from Plaintiff and he left the apartment.

9. Subsequently, as a result of Defendants' unlawful actions, Plaintiff was ostracized by his family and the neighborhood who believed him to be involved in drugs and weapons. This happens up to this date.

10. As a result of Defendants' unlawful actions, Plaintiff Williams sustained damages and continues to suffer damages.

11. All actions taken by Defendants were taken in the line and scope of such individuals' employment, agency or representation.

12. Serious punitive damages need to issue to punish this kind of wrongful conduct from Defendant and to deter any other similarly situated companies and individuals from doing the same.

**CAUSES OF ACTION**

**COUNT 1**

**Fourth Amendment False Arrest**

13. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein *seriatim*.

**14.** It is well settled that an arrest without probable cause violates the Fourth Amendment.

**15.** By the above acts Defendants violated the Fourth Amendment by arresting Plaintiff without probable cause.

**16.** Plaintiff suffered damages and continues to suffer damages.

**COUNT 2**

**Fourth Amendment unlawful search**

17. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein *seriatim*.

18. The Fourth Amendment is unambiguous that a search in a unit or apartment shall not issue without a warrant, based on probable cause supported by Oath or affirmation. U.S. Const. amend. IV.

19. By the above acts, Defendants violated Plaintiff Williams freedom from unlawful searches.

20. Plaintiff suffered damages and continues to suffer damages.

**COUNT 3**

**Fourth Amendment Invasion of Privacy**

21. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein *seriatim*.

22. Rights of privacy and personal security protected by Fourth Amendment are of essence of constitutional liberty, and guaranty of them is as important and as imperative as are guarantees of other fundamental rights of individual citizen.

23. By the above acts, Defendants violated Plaintiff Williams rights of privacy and personal security.

24. Plaintiff suffered damages and continues to suffer damages.

**COUNT 4**

**Fourth Amendment Unlawful Detention, Handcuffing and Frisking**

25. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein *seriatim*.

**26.** By the above acts, Defendants violated the Fourth Amendment when they subjected Plaintiff to greater restraint on his liberty than is permissible under the

Fourth Amendment by detention, handcuffing and frisking without reasonable suspicion.

**27.** Plaintiff suffered damages and continues to suffer damages.

## PRAYER FOR RELIEF

28. WHEREFORE, Plaintiff Alonzo Williams prays for judgment in his favor for; all compensation to which he is entitled arising from Defendants violations; Further, Williams prays for judgment in his favor and against Defendants for; any and all damages acceptable by law, including compensatory damages, statutory damages, punitive damages, pre-judgment interest at the legal rate, post-judgment interest at the judgment rate, attorney's fees as may be awarded by the Court, the costs of this action, equitable relief, relief pleaded in the preceding paragraphs, and such other and further relief as Plaintiff Williams may be entitled to by bringing this action.

## JURY DEMAND

**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CASE**

Respectfully submitted and dated this 18th day of May, 2017,

**EMEJURU & NYOMBI L.L.C**

By:/s/Andrew Nyombi
ANDREW NYOMBI ESQ (BAR NO.MD0010)
IKECHUKWU K.EMEJURU, ESQ(BAR.MD19262)
8403 Colesville Road
Suite 1100
Silver Spring, MD 20910
Tel: (240) 638-278
Fax: 1 800 250 7923
anyombi@enylaw.com
imejuru@enylaw.com.
*Attorneys for Plaintiff.*